IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Jamario Alan Goolsby, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Civil Action No. 8:26-cv-997-BHH |
| v. | ) | |
| | ) | **ORDER** |
| Scotty Bodiford, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

This matter is before the Court upon Petitioner Jamario Alan Goolsby's ("Petitioner") *pro se* petition filed pursuant to 28 U.S.C. § 2241.  (ECF No. 1.)  In accordance with 18 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On March 10, 2026, the Magistrate Judge issued a Report and Recommendation ("Report"), outlining the matter and finding that Petitioner has failed to exhaust his state remedies at this time and noting that Petitioner's criminal proceedings remain ongoing such that this Court should abstain based on *Younger* and its progeny.  *Younger v. Harris*, 401 U.S. 37 (1971).  (ECF No. 8.)  Accordingly, the Magistrate Judge recommends that the Court dismiss this matter without requiring Respondent to file a return.  Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy.  To date, no objections have been filed; however, on March 27, 2026, Plaintiff filed a supplement to his petition, wherein he reasserts his claims and asks the Court to excuse his failure to exhaust his state court remedies.  (*See* ECF No. 10.)

The  Magistrate  Judge  makes  only  a  recommendation  to  the  Court.    The

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, even liberally construing Plaintiff's supplemental filing as objections to the Report and reviewing the matter *de novo*, the Court fully agrees with the Magistrate Judge's analysis and finds no special circumstances to warrant this Court's pretrial intervention in this matter. As the Magistrate Judge properly noted, Petitioner has not exhausted his state remedies and is therefore precluded from federal habeas relief at this time. Additionally, the Court finds no extraordinary circumstances that would warrant this Court interfering with pending state proceedings. Accordingly, the Court finds *Younger* abstention appropriate under the circumstances.

Based on the foregoing**, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 8), and the Court summarily dismisses this petition without prejudice and without requiring Respondent to file a return.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

April 14, 2026
Charleston, South Carolina